# Womack v. Bird.

*Trespass for Wrongful Taking of Personal Property.*

*Plea of guilty; what evidence admissible under.* — Under the plea of not guilty, in an action of trespass for taking and carrying away personal property, the defendant cannot be allowed to prove, in mitigation of damages, or for any other purpose, that the act complained of was done under legal process.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by Mrs. Ann M. Womack against William P. Bird, to recover damages for the defendant's wrongful act in taking and carrying away "twelve bales of lint cotton, averaging five hundred pounds per bale, five hundred bushels of corn, two hundred and fifty bushels of cotton seed, and twenty-two thousand pounds of cotton in the seed, or unginned cotton." The defendant pleaded not guilty, and a special plea of justification under legal process; but a demurrer was sustained to the special plea, and the cause was tried on issue joined on the plea of not guilty. On the trial, as the bill of exceptions shows, the court permitted the defendant to read in evidence, against the plaintiff's objection, a writ of attachment issued against the estate of the plaintiff, returnable to the circuit court of said county; and to prove that the trespass complained of was the seizure of the plaintiff's property by him, as special coroner, under that writ. This ruling of the court, to which the plaintiff excepted, is now assigned as error.

WILEY COLEMAN, for appellant, cited 1st Chitty's Pleadings, 8th edition, 502; 2 Tucker's Com. 92; 2 Saunders on Pl. & Ev. 855; 2 Greenl. Ev. 671; 6 Robinson's Practice, 644; *Davis* v. *Hooper*, 4 Stew. & P. 231; *Beatty* v. *Holloway*, 4 Ala. 178.

MORGAN & JOLLEY, *contra*, cited Rev. Code, §§ 2639, 2687; 6 Robinson's Practice, 655; *Sawyer* v. *Wilson*, 37 Ala. 632; 9 Conn. 148; 5 Wendell, 243; 6 Greenl. 423.

BRICKELL, J. — The general rule is, that a defendant in an action of trespass cannot give any matter in evidence, under the general issue, which amounts to a justification or excuse of the act complained of, or to a discharge of the trespass. The general issue is a mere denial of the allegations of the complaint. It casts upon the plaintiff the burden of proving that the defendant committed the act averred to be tortious.

VOL. LI.

[Gresham v. Taylor.]

The plea advises the plaintiff to come prepared only to prove that act. 9 Bac. Abr. 546. When the plaintiff proves the act, the cause of action is established. Every matter of defence, which admits the defendant to have been *primâ facie* a trespasser, must be specially pleaded. 2 Greenl. Ev. 625; *Speck* v. *Phillips*, 5 Mees. & Welsby, 278. Under the general issue, the defendant cannot show, in mitigation of damages, that the act complained of was done in obedience to a writ from a court of competent jurisdiction. If such is the fact, it is a complete justification, and must be specially pleaded. 1 Chitty's Pl. 500. In such case, there is no denial, but an admission of the allegations of the complaint, and an offer to show that the defendant had authority for the acts, which, in the absence of authority, were wrongful. Of such defence, the general issue gives the plaintiff no information, and he has not an opportunity of being prepared to meet it with evidence. The proposition, at last, is, although it may be expressed only as an offer to mitigate the damages, to legalize the act of the defendant as done under valid process, which, of itself, is a complete justification, and must be specially pleaded, or established rules of pleading disregarded. The result generally would be, as in this case, that the defendant would, under the general issue, obtain all the benefit he could have derived from a special plea of justification, not only a mitigation of damages, but a verdict of not guilty. *Coats* v. *Darby*, 2 Comstock, 517. The court erred in receiving in evidence the writ of attachment, and the charge given was also erroneous.

It is not necessary to notice the remaining question, as it can scarcely arise on another trial.

The judgment is reversed and the cause remanded.