# Abercrombie & Williams *v.* Windham.

*Action of Trespass Quare Clausum Fregit.*

1. *Action of trespass; variance between allegation and proof.* Where, in an action of trespass *quare clausum fregit,* the plaintiffs claim damages for a continuing trespass upon lands

[Abercrombie & Williams v. Windham.]

by defendant's stock for a designated time, embracing over two months, and the evidence fails to show a continuing trespass, but shows several distinct and separate trespasses between the dates named in the complaint; there is a variance between the allegations of the complaint and proof, which entitles the defendant to the general affirmative charge in his behalf.

2. *Same; measure of damages.*—In an action of trespass *quare clausum fregit*, to recover damages for a continuing trespass upon the plaintiffs' lands by defendant's stock, where there is no proof of any permanent injury done to the land by the alleged trespass, and the evidence shows that the defendant turned his stock upon the plaintiffs' land, which, at the time, was an uncultivated inclosure, with nothing but a growth of grass and herbage thereon, the difference in the market value of the lands before and after the trespass is not a proper admeasurement; and a charge which fixes such difference in the value of said lands as the measure of damages recoverable, is erroneous.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. J. W. FOSTER.

This action was brought by the appellee, Hugh Windham, against Abercrombie & Williams, to recover damages for trespass *quare clausum fregit*. The facts of the case necessary to an understanding of the decision on the present appeal, are sufficienly stated in the opinion.

The court in its general charge, among other things, instructed the jury as follows: "If you find from the evidence that plaintiff is entitled to recover, then and in that event, the measure of plaintiff's damages is the amount of the difference between the market value of the lands in question at the time defendants' mules began to go on the lands and their market value when the mules stopped going on them, if they depreciated in value during said term." The defendants separately excepted to this portion of the court's general charge, and also separately excepted the court's refusal to give, among others, each of the following charges requested by them: (3.) "If at any time after the commencement of the alleged trespass as much as two or more days and nights, within the time covered by the complaint, there was no trespass or entry upon the lands in question,

by defendants or their stock, but there was a lapse of two or more days and nights at a time, followed by other trespasses within said time, then there can not be a recovery for more than nominal damages." (4.) "Unless the jury believe from the evidence that the alleged trespass was a continuous trespass from one day to the next, between the dates of May 8th and July 20th, 1898, your verdict will be for the defendants." (5.) "In this State a man's uninclosed lands may be entered upon at pleasure by others or their stock; and persons who have not been forbidden by the owner to enter thereon are not liable in trespass for such entry, when made; and if the lands in question were not inclosed at the time of the trespass complained of by them, the verdict must be for the defendants." (6.) "In this case there can be no recovery for more than nominal damages, if the jury believe the evidence." (7.) "If the jury believe from the evidence that defendants' mules were only carried on plaintiff's premises in the morning and taken out at night, and that occasionally during the time alleged to be covered by the alleged trespass, the mules were kept off the premises for a day and night or more at a time, then there was a break in the continuity of the trespass; and under the evidence there can be no recovery for more than nominal damages." (8.) "If the jury believe the evidence, they will find for the defendants."

There were verdict and judgment for the plaintiff, assessing his damages at $50. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

FRED S. BALL, for appellants.—To recover beyond nominal damages, except where the trespass is wanton and punitive damages may be awarded, the loss must be shown. This is wanting in this case.—3 Sutherland on Damages, § 1023; *Gresham v. Taylor*, 51 Ala. 505.

P. N. HICKMAN, *contra.*

DOWDELL, J.—This is an action of trespass *quare clausum fregit* brought by appellee against appellants The plaintiff claims in his complaint damages for a con-

tinuing trespass upon his land by defendants' stock, from the 8th day of May, 1898, to the 20th day of July, thereafter. The evidence fails to show a continuing trespass as averred in the complaint, but on the contrary without conflict shows several separate and distinct trespasses between the dates named in the complaint. On this state of the evidence, the defendants were entitled to the affirmative charge requested by them in writing.

There was no proof of any permanent injury done to the land or freehold by the trespass; the evidence by the plaintiff being only to the extent that the defendants turned their mules in upon plaintiff's land, which at the time was an uncultivated enclosure, with a growth of grass and herbage upon it. Under this state of the evidence, the difference in the market value of the land in May before the trespass and in July after the trespass is an improper measurement of damage. The market value of the land between the dates mentioned could have been affected by various causes, and for that reason could not be a fair and safe measure of damages, where merely an act of trespass is shown without more. The difference in the market value of land before and after the trespass might become competent evidence to be considered by the jury when taken in connection with other evidence tending to show injury to the land or freehold resulting from the trespass.

The court erred in refusing the written charges requested by the defendants, which were in accordance with what we have said above, as well as in that part of its oral charge to the jury wherein it instructed the jury that the measure of damages in this case was the difference between the market value of the land before and after the alleged trespass.

For the errors pointed out the judgment of the circuit court is reversed and the cause remanded.