# Brinkmeyer *et al. v.* Bethea.

## *Action of Trespass.*

1. *Action of trespass; measure of damages; admissibility of evidence.*—In an action of trespass to recover damages to real property, when the injury is done to the realty itself, the measure of damages is the difference in value of the land before and after the trespass, caused by the acts complained of; and, therefore, in such suit, evidence or testimony showing the value of the property before and after the trespass, is admissible in evidence.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

This was an action of trespass, brought by the appellee, S. Bethea, against the appellants, L. C. Brinkmeyer and C. Luebbe, to recover damages for trespass to real estate described in the complaint.

The facts of the case are sufficiently stated in the opinion.

[Brinkmeyer *et al.* v. Bethea.]

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment for the plaintiff, assessing his damages at $250.

The defendants appeal, and assign as error the rulings of the court upon the evidence, and the rendition of judgment in favor of the plaintiff.

JOHN C. FORNEY, for appellant.—No evidence is in the transcript showing that any damages were done because of the loss of the dirt, clay, and topsoil taken away, and since only a special trespass for the said taking away of dirt, clay and topsoil is asked for, the plaintiff must be confined to that damage for the actual value of the dirt, etc., removed.—*White v. Yawkey,* 108 Ala. 275.

WM. M. BETHEA.—The measure of damages in trespass is the difference in value of the freehold before the trespass, and after the trespass caused by reason of the trespass.—*White v. Yawkey,* 108 Ala. 274; *Mitchell v. Billingsley,* 17 Ala. 392; *Warrior C. Co. v. Mabel Min. Co.,* 112 Ala. 624; *Frey v. M. Sav. Bank,* 75 Ala. 473; *Jackson v. Bain,* 74 Ala. 328; *Pierce v. Clements,* 73 Ala. 256; *Block v. Maas,* 65 Ala. 211; *Caldwell v. Duncan,* 65 Ala. 461; *Simpson v. Lauderdale,* 56 Ala. 64; *Treadway v. Treadway,* 65 Ala. 390; *Alexander v. Caldwell,* 61 Ala. 543.

HARALSON, J.—The form of action is in trespass to real estate described in the complaint, which belonged to the plaintiff. The trespass as averred, consisted in removing from the real estate, clay, dirt and top soil, in the month of July, 1902. The complaint was in Code form,—No. 26, p. 948 of the Code. Its sufficiency was not in any wise questioned, and the trial was had by and before the presiding judge on the plea of not guilty; a jury having been waived.

It was admitted by the defendants on the trial, that the land described in the complaint belonged to plaintiff, and he was in possession of the same at the time of the alleged trespass complained of. The evidence showed

without conflict, that defendants committed the trespass.

A witness for the plaintiff testified that he knew the value of the property described in the complaint before the alleged trespass, and immediately thereafter; that it was worth $500 before and $250 immediately thereafter, or, in other words he stated, that the property before the dirt, clay and top soil were removed therefrom, was worth $500, and immediately afterwards, it was worth $250. The defendant objected to this evidence as being illegal and irrelevant, which objection was overruled.

"In actions for injury to real property, when the injury is done to the realty itself, the measure of damages is the difference in the value of the land before and after the trespass, or in some cases the amount necessary to restore the property to the condition in which it was before the trespass was committed."—3 Am. & Eng. Ency. Law, 36; 3 Sedg. on Damages, (8th ed.), § 932.

There was no inadvertent removal of the soil from the lot, but as appears, it was knowingly and willfully done, and it cannot be said that the objection to the evidence allowed, that it was illegal and irrelevant, was well taken.—*White v. Yawkey,* 108 Ala. 275; *Abercrombie v. Windham,* 127 Ala. 182. Indeed, it seemed to have been very proper to be introduced, as furnishing just basis for the ascertainment of the real damages done to the land.

Other witnesses testified, without objection by defendant, to the value of the lot just after trespass,—one that it was worth $250, another $200, and another $175, whereas, each testified that it was worth $500 before that time. The court allowed and rendered judgment for $250, and in this we find no error.

Affirmed.