# Western Union Telegraph Co. v. Dickens.

## *Damages for Trespass to Realty.*

### (Decided June 6th, 1906. 41 So. Rep. 469.)

1. *Trespass; Pleadings; Complaint.*—A count of a complaint alleging that a trespass was committed upon the property of the plaintiff "a description of which is hereto attached marked 'Exhibit A,' and made a part hereof; that portion of the same which lies adjacent to the road bed of the Southern Railway Company" is not subject to demurrer that it did not sufficiently describe the premises.

2. *Same; Plea; Justification.*—A plea is insufficient as an answer to a complaint in trespass to realty, which alleges that before the happening of the matters complained of defendant had permission to enter upon said land and construct its telegraph line across the lands described in the complaint, such permission being granted by the railroad company, which was duly authorized to grant such permission, the facts therein set up being in mitigation of damages, and not a justification, and available under the general issue.

3. *Same; Exemplary Damages.*—When a trespass on land is attended by aggravating circumstances of wantonness or malice, exemplary damages may be awarded.

4. *Same.*—In an action for trespass where it is shown that defendant's fence was destroyed in several places and that such destruction was not necessary to the work being done in repairing the line, the jury may infer malice and wantonness authorizing the assessment of exemplary damages.

APPEAL from Mobile Circuit Court.

Heard before HON. SAMUEL B. BROWNE.

The complaint in this case originally contained one count, and it was amended by adding the second count. It is in words as follows:

"Plaintiffs claim of the defendant corporation one thousand dollars ($1,000.00)) damages for a trespass by the defendant upon the property of plaintiff, a description of which is hereto attached, marked 'Ex-

hibit A,' and made a part hereof, that portion of the same which lies adjacent to the roadbed of the Southern Railway Company, and which said lands belong to plaintiff, and for cutting timber thereon and breaking down the fences, piling brush and debries on and along plaintiff's fences, and doing other damage on, to-wit, the 1st day of February, 1903.

"Count 2. Plaintiff claims of the defendant corporation one thousand ($1,000.00) dollars damages for a trespass by defendant upon a portion of the property, a description of which is hereto attached and marked 'Exhibit A,' and made a part hereof, which lies adjacent to the roadbed of the Southern Railway Company, and which said land belongs to the plaintiff, and for cutting timber thereon, and breaking down the fences, and piling brush and debries on and along plaintiff's fences, and doing other damage on to-wit, February 1, 1903."

The defendant interposed demurrers to the second count as follows: "(1) Because the complaint does not aver with sufficient certainty which portions of the land described in Exhibit A to the original complaint were trespassed upon. (2) Because count 2 does not aver or show which portion of the lands described in Exhibit A to the original complaint lie adjacent to the roadbed of the Southern Railway Company. (3) Because said count does not show or aver how much land, or how wide a strip of land, lying adjacent to the railroad of the Southern Railway Company, was trespassed upon." The demurrers were overruled.

The defendant interposed the following pleas to the complaint as amended: (1) General issue; (2) That the plaintiff was not the owner of all the land for a trespass to which the action was brought; (3) That before the happening of the matters and things alleged in the complaint this defendant had permission to enter upon and construct its line of telegraph along and across the lands described in the complaint, which permission was granted by the Southern Railway Company, a corporation, to this defendant, and said Southern Railway Company was duly authorized to give said permission to this defendant.

Plaintiff demurred as follows: To second plea:. "It does not undertake to answer the whole complaint and is not pleaded to the whole complaint. Said plea only denies that the plaintiff owns all the lands in question, and does not deny that plaintiff owns the lands trespassed upon. Said plea sets up a defect in plaintiff's title, and is no answer to an action of trespass, which is an injury to the possession and not to the title." And to the third plea: "Because it does not appear from said plea that the authority of the Southern Railway to grant the permission was an authority from the plaintiff. Because the authority alleged in said plea to enter upon and construct its lines along and across said lands did not justify the cutting of timber and the destroying of fences as alleged in the complaint. Because no privity is shown between the plaintiff and the said Southern Railway Company.

These demurrers were sustained, and defendant granted leave to plead over. The defendant filed the fourth plea, which was in effect the same as the first plea, except that it attempted to set up a privity between plaintiff and the Southern Railway, through a contract made by plaintiff with the Mobile & Birmingham Railroad Company for a spur track and the right of way for such track over the lands alleged to have been trespassed upon, and the fact that plaintiff's fences were on a part of this right of way, and a subsequent purchase by the Southern Railway of the rights, franchises, and property of the Mobile & Birmingham Railroad Company. Plea 5 was filed, and, in addition to what was stated in 4, set out the contract pleaded in 4 in full. Demurrers were sustained to all these pleas, and trial was had on the general issue. The other facts necessary to a proper understanding of the opinion, are set out therein.

The court refused the following charges asked by the defendant: "(1) The damages, if any, to be awarded the plaintiff, should be such as will compensate him for the actual loss or damage sustained. (2) If the jury believe from the evidence that the premises described in the complaint were for all purposes just as valuable after the entry by the telegraph company as they were

before that entry, then the plaintiff, if entitled to recover, should have a verdict for nominal damages only. (3) Every unauthorized entry upon the lands of another is a trespass, for which the owner of the land may sue, if he chose to do so; but, when neither the rental nor the selling value of the premises trespassed upon is in any wise changed or impaired, the amount of recovery must be nominal. (4) If the jury believe from the evidence that the trespass complained of was committed, and that the value of the plaintiff's premises for all and every purpose was left just the same after the trespass at it had been before the trespass, then the jury will find for the plaintiff for one cent. (5) If the jury believe from the evidence that the plaintiff is entitled to recover, then the verdict should be for such sum as will make him whole—that is, the difference in the value of the premises before and after the trespass with interest; and if you further find from the evidence that there was no decrease in the value because of the acts complained of, then one cent. (6) This is what is commonly called a trespass (without aggravation), and the measure of damages is the diminution in the value of the premises resulting from the injury, with interest computed at the date of the trial. (7) If the jury believe the evidence in this case, they will return a verdict for the defendant. (A) The plaintiff cannot recover vindictive damages in this case. (B) The plaintiff cannot recover punitive damages or smart money in this case. (C) There cannot be any recovery had in this case because of any fires or fire which has taken place upon the premises or along the fence line."

There was verdict and judgment for plaintiff, and defendant appeals.

GEORGE H. FERRONS, and WILLIAM C. FITTS, for appellant.—The court in sustaining the demurrers to the pleas interposed by the defendant setting up its license and right to go upon the land erred.—*Barrett v. City of Mobile,* 129 Ala. 185; *Womack v. Byrd,* 51 Ala. 504; s. c. 63 Ala. 505; *Armstead v. Thompson,* 91 Ala. 133; *Lunsford v. Walker,* 93 Ala. 38; 16 Am. Ed. Chitty's Plds. 532. The fact that the defendant acted under

such a supposed, though invalid, authority should have been available to it for the purpose of mitigating the damages.—*Stephenson v. Wright,* 111 Ala. 579; *Beggan v. Bennett,* 102 Ala. 400; *W. U. Tel. Co. v. Smith,* 59 N. E. 891.   Charge 1 should have been given.—*Garrett v. Sewell,* 108 Ala. 521; *Brinkmeyer v. Bethea,* 139 Ala. 276; *H. A. & B. R. R. Co. v. Matthews,* 99 Ala. 25; *Rodgers v. Brooks,* 99 Ala. 33; *Wilkerson v. Searcy,* 76 Ala. 181; *Alley v. Daniels,* 75 Ala. 407.   Charges 2, 3 and 4 should have been given.—*Staele v. Davis,* 75 Ind. 192; *Abercrombie v. Wyndham,* 127 Ala. 180; *Gresham v. Taylor,* 51 Ala. 506; Southerland on Damages, (3rd Ed.) § 1023.   Charges 5 and 6 should have been given.— *Brinkmeyer v. Bethea, supra; Alley v. Daniels, supra.* Charges A and B should have been given.—*Garrett v. Sewell, supra; Wilkerson v. Searcy, supra; Mitchell v. Billingly,* 27 Ala. 291; *Hair v. Little,* 28 Ala. 242.

GREGORY L. and H. T. SMITH, for appellee.—The demurrers to the complaint were properly overruled.— *Jean v. Landerford,* 39 Ala. 317; *Pike v. Elliott,* 36 Ala. 72.   The court properly sustained the demurrers to the pleas setting up justification or license.—*People of Michigan v. Eaton,* 24 L. R. A. 721; *Perry v. N. O. M. & C. R. R. Co.,* 55 Ala. 413; *W. Ry. of Ala. v. A. G. S. Ry. Co.,* 96 Ala. 283; *M. & M. R. R. Co. v. Alabama Midland R. R. Co.,* 116 Ala. 58.   Counsel discuss other assignments of error but cite no authority.

ANDERSON, J.—The demurrer to the second count of the complaint was properly overruled, as it sufficiently described the premises.—*Jean v. Sandiford,* 39 Ala. 317; *Bessemer Land Co. v. Jenkins,* 111 Ala. 135, 18 South. 565, 56 Am. St. Rep. 26.

The demurrers to special pleas were properly sustained.   The facts set up in the fifth plea, which was but a repitition of the third and fourth pleas in a more extensive and minute way, could not operate as a justification of the trespass.   We do not understand that facts which would not justify a trespass, but which would go in mitigation of damages, should be specially pleaded.   "Circumstances in mitigation of damages may

[Western Union Telegraph Co. v. Dickens.]

be shown, if relevant and proper, only, under the general issue, if they do not amount to a justification, in which cases they must be specially pleaded."—28 Am. & Eng. Ency. Law, 600. In the case of *Womack v. Bird,* 51 Ala. 504, out court held that a justification under legal process had to be specially pleaded, and that it could not be proven under the general issue, if only intended in mitigation of the damages. But we do not understand the rule to be that facts which would not justify the trespass, but which would mitigate the damages, cannot be shown under the general issue.

The other assignments of error relate to the ruling of the trial court in refusing charges requested by the defendant, and all of which, except the affirmative charge, relate to the measure of damages. If, therefore, this was a case where the jury was authorized to assess punitive or vindictive damages, these charges were properly refused. If not, then they, or some of them, should have been given. It is well settled that in cases of trespass *quare clausum fregit,* which are attended with the aggravating circumstances of wantonness or malice, the jury may give exemplary damages.—28 Am. & Eng. Ency. Law, 610. And our own court is committed to this rule.—*Mitchell v. Billingsley,* 17 Ala. 391.

There was evidence in this case showing acts of aggravation on the part of the defendant's hands, and from which the jury were authorized to imply malice or wantonness. There was evidence tending to show that plaintiff's fence was cut and destroyed in several places, and that the doing of this was not at all necessary to the repairing of defendant's line. Under the evidence the court could not, as matter of law, confine the plaintiff's recovery to actual damages, and properly refused all the written charges requested by the defendant.

There was no error in refusing the general affirmative charge requested by the defendant. If plaintiff was entitled under the evidence to nominal damages merely, the defendant was not entitled to the affirmative charge.

The judgment of the court is affirmed.

TYSON, SIMPSON and DENSON, JJ., concur.