# Garden *v*. Houston Brothers.

*Trespass and Trover.*

(Decided Nov. 11, 1909.—50 South. 1030.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where it was admitted by the defendant that he sent his brother for the horse any error in admitting testimony as to the agency of the brother for the defendant, about the taking of the horse was harmless

2. *Appeal and Error; Review; Record.*—The refusal to permit the plea of set-off to be filed, will not be considered on appeal where the action of the court thereon is not shown by the bill of exceptions.

3. *Evidence; Best and Secondary; Court Record.*—Where the inquiry as to the facts of a former trial was merely incidental and collateral to the issue presented, parol evidence of the nature of such suit was admissible even if it be conceded that the record therein was the best evidence of the facts sought to be shown.

[Garden v. Houston Bros.]

4. *Charge of Court; Assuming Facts.*—In trespass and trover for taking a horse by the defendant through another, a charge asserting that the defendant was not responsible for the unauthorized trespass of such other, unless he afterwards ratified it, was erroneous in assuming as a fact that the trespass was unauthorized.

5. *Trespass; Damages.*—Where a trespass is wantonly or recklessly committed, or committed with such reckless indifference to another's right as to amount to an intentional violation thereof exemplary damages may be awarded.

6. *Same; Punitive Damages.*—Where defendant held purchase money notes retaining title to a horse until paid and the notes had in fact been paid, and defendant re-took the horse under the notes after they had been paid, punitive damages may be assessed in an action for trespass and trover.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. RAY.

Action by Houston Bros. against M. Garden. From a judgment for plaintiffs, defendant appeals. Affirmed.

The action was for the taking of a horse, and the defense attempted to be pleaded was that the taking was done under a bill of sale retaining title to the horse, etc. The defendant also offered to file a plea of set-off, which the court refused to allow; but this effort is shown only by the record, and not by the bill of exceptions. The evidence tended to show that the horse was taken by one N. Garden, brother of the defendant, and the court permitted evidence to be introduced showing that N. Garden was around and about the store of M. Garden, that he was attending to stock there, and also collected for M. Garden. The evidence concerning the taking tended to show that in taking the horse N. Garden went to the house of plaintiff's wife, and the horse was tied near the back door of the house; that plaintiff was away from home, but the wife told Garden he could not get the horse, and started towards the horse, when Garden pulled out a pistol and told her to stop, and Garden untied the horse and carried him away. The evidence further tended to show that the notes

were paid, and that there was nothing due thereon. The evidence for the defendant tended to contradict these several matters. Charge 6 is as follows: "The court charges the jury that M. Garden is not responsible for the unauthorized trespass committed by N. Garden, unless he afterwards ratified such trespass with full knowledge of its tortious nature." The other charges referred to limit the damages to the value of the animal taken.

LEITH & GUNN, for appellant.—The court erred in refusing to allow defendant to file his plea of set-off.— *Street v. St. Clair*, 71 Ala. 110; *Byrd v. Womack*, 69 Ala. 390. The court erred in permitting plaintiff to show by secondary evidence the facts of a former suit. —*Blackman v. Dowling*, 57 Ala. 78; *Watson v. The State*, 63 Ala. 19; *Burns v. Campbell*, 71 Ala. 271; *Lunsford v. Dietritch*, 86 Ala. 250. The court erred in refusing charge 6.—*Street v. St. Clair, supra; Burns v. Campbell, supra.*

ACUFF & COONER, for appellee.—No brief came to the Reporter.

McCLELLAN, J.—Trespass and trover. The defendant (appellant) pleaded his right to retake the animal in question under an instrument showing a conditional sale thereof to the plaintiff. One of the issues of fact on the trial was payment vel non of the notes before the taking. This the court properly submitted to the jury. Another was the agency vel non of the defendant's brother in taking the animal as and when he did. The defendant admitted, testifying as a witness, that he sent his brother to get the horse. This admission, of course, avoided any error, if any, in allowing questions tending to elicit evidence of the brother's re-

[Garden v. Houston Bros.]

The assignment of error based upon the refusal of the court to permit the defendant to file his plea of set-off cannot be considered; the action of the court not being shown by the bill of exceptions.

There was no error in admitting parol evidence relative to the suit instituted by appellant against appellee in the justice's court. If the record was the best evidence of the facts inquired about, the subject of the inquiries was merely incidental, collateral, to the issues in the cause; and hence secondary evidence was admissible in reference thereto.—*Pollak v. Gunter,* 162 Ala. 317, 50 South. 155.

Exemplary damages may be awarded, when the trespass was wantonly or recklessly accomplished, or in such "reckless indifference to the right of others, which is equivalent to an intentional violation of them."—*Lienkauf v. Morris,* 66 Ala. 406; 13 Cyc. p. 105 et seq., and citations in notes.

There was testimony tending to show that the foundation of defendant's asserted right to retake the animal, viz., notes evidencing a retention of title thereto had been fully paid, operating, of course, the cancellaton of defendant's rights and privileges thereunder. It also appeared from tendencies of the evidence that the defendant knew this fact. While there was, as indicated, keen dispute as to these facts, it was open to the jury to conclude thereon against the defendant. If they so found, and notwithstanding the defendant caused the animal to be taken, the jury was authorized to impose, under the rules before stated, exemplary damages; and this independent of any other acts of aggravation (if so) committed by the defendant's agent when he took the animal from plaintiff's wife.—*Hicks v. Swift Creek Mill Co.,* 133 Ala. 411, 425, 31 South. 497, 57 L. R. A. 720, 91 Am. St. Rep. 38. The special

charges requested by defendant, forbidding the recovery of exemplary damages, were, on this record, properly refused.

Charge 6 was faulty in this particular, if not others: It assumes that Noah Garden's act or trespass was unauthorized.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.