(75 South. 697)

## JACKSON et al. v. BOHLIN. (1 Div. 219.)

(Court of Appeals of Alabama. May 8, 1917.)

1. COUNTIES �köm101(6)—TRESPASS BY OFFICERS—PLEADING—PLEA.

In an action for trespass against the board of commissioners of roads and revenue of a county by cutting a fence erected by plaintiff across a road under authority of defendants, which was afterwards rescinded, the plea was objectionable in that it did not show that the board had jurisdiction over the road in question, or that the board had colorable jurisdiction which fairly called for the exercise of judgment with respect thereto, and that its action involved an affirmative decision that it had jurisdiction of the subject-matter and of the person, and that the members of the board determined in good faith without malice that the case presented called for the exercise of such jurisdiction.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 157.]

2. PLEADING �köm80—PLEA—ANSWER TO PART OF COMPLAINT.

A plea purporting to answer the whole complaint, when the matter set up at most only answers part of the complaint, is bad.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 162, 181–183.]

3. HIGHWAYS ⊞1—ESTABLISHMENT BY PRESCRIPTION.

To establish a highway by prescription, the public use must have been adverse to the owner under claim of right, not permissive, for a period of 20 years or more.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 1, 2.]

4. TRESPASS ⊞43(2)—JUSTIFICATION UNDER LEGAL AUTHORITY—MITIGATION.

Justification under legal authority is not available as a defense to an action of trespass unless specially pleaded, but defendant may show under the general issue in mitigation that he was acting in good faith and under what he considered legal authority.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. § 104.]

5. TRESPASS ⊞55 — JUSTIFICATION UNDER LEGAL AUTHORITY—EVIDENCE.

In an action of trespass against the board of commissioners of roads and revenue of a county, which authorized plaintiff to change the direction of a road and then rescinded its former

action, evidence showing or tending to show that the members of the board acted officially in the matter was competent.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. § 143.]

6. APPEAL AND ERROR ⊙⇒1057(1)—HARMLESS ERROR—EVIDENCE.

In such action, where the undisputed evidence showed that the board acted officially in ordering plaintiff's fence across the old road removed, error in sustaining objection to testimony that the commissioners so acted was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4194–4196.]

7. TRESPASS ⊙⇒50—DAMAGES—EVIDENCE.

The expense incurred by plaintiff in inclosing his grounds after the board cut the fence was an element of the injuries suffered by the trespass, and testimony showing the cost of replacing the fence was admissible to show the amount of damage plaintiff suffered in depreciation in the value of his lands.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 134, 136.]

8. HIGHWAYS ⊙⇒96(1)—TRESPASS BY COUNTY OFFICERS—DAMAGES.

Where the board of commissioners of roads and revenue of a county authorized plaintiff to change the direction of a road, and thereafter rescinded its action, and cut the fence plaintiff had put across the old road, plaintiff had the right to assume that, if he replaced the fence across the road, the board would remove it, and was justified in building his new fence along each side of the alleged road, so that, in his action for trespass against the board, defendants could not say that all the expense plaintiff was justified in incurring was to replace the fence across the road.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 313, 314, 319, 322, 356.]

9. ESTOPPEL ⊙⇒110—SPECIAL PLEA—NECESSITY.

Though the fact that plaintiff appeared before the board and requested an order for change of road would have operated as an estoppel against him to dispute the board's jurisdiction, it was not available to the board in the absence of a special plea of estoppel.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 300.]

10. HIGHWAYS ⊙⇒96(1)—JURISDICTION OF BOARD OF COMMISSIONERS OF ROADS.

Where, on the mistaken assumption that a road was a public road, the board of commissioners of roads and revenue of a county authorized plaintiff to change its direction, but thereafter rescinded its action, and cut the fence plaintiff had erected across the old road, the act of the board being without warrant or authority, the members thereof were liable to plaintiff in his action of trespass.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 313, 314, 319, 322, 356.]

11. TRESPASS ⊙⇒50 — TRESPASS TO REAL PROPERTY.

In an action for injuries to real property, when the injury was done to the realty itself, the measure of damages is the difference in the value of the land before and after the trespass, in some instances the amount necessary to restore the property to the condition in which it was before the trespass was committed.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 134, 136.]

12. TRESPASS ⊙⇒50 — DAMAGES — RESTORATION.

Where the injury to realty by a trespass is such as may be remedied by restoring the prop-

erty to its condition when the trespass was committed, and the cost of restoring the property is less than the depreciation in the value of the land, and the wrong was not attended with such circumstances of aggravation as to authorize the imposition of exemplary damages, and consequential damages are not recoverable in the action, the cost of restoring the property is the measure of damages.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 134, 136.]

13. TRESPASS ⊙⇒47—CONSTRUCTIVE OR IMPLIED FORCE—CONSEQUENTIAL DAMAGES.

Where a trespass is only attended by constructive or implied force, in an action therefor plaintiff can recover only such damages as directly result, and for any consequential damages he must resort to an action on the case; but when the trespass is attended by such force as would support an action for trespass vi et armis, all damage suffered by plaintiff, direct or consequential, immediate or remote in point of time, may be recovered, though, where the damages are not the usual consequence of the act, they must be specially claimed.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 128–131.]

14. TRESPASS ⊙⇒68(1)—DAMAGES—INSTRUCTION.

In an action for trespass, where no special damages were claimed, the oral charge that the only damage which plaintiff could recover was known as compensatory damages, such damages as would put the land back in the condition it was in, and that plaintiff claimed $500, and the jury could not go over the amount, and that in assessing the damages they might take into consideration the value of the land, was erroneous, being couched in such language as to authorize the jury to award damages for the consequential damage suffered from the depredations of cattle and sheep upon plaintiff's orchard; the trespass complained of being the cutting of a fence.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. § 151.]

15. DAMAGES ⊙⇒208(8) — TRESPASS — EXEMPLARY DAMAGES—QUESTION FOR JURY.

In an action for trespass against the board of commissioners of roads and revenue of a county, question whether exemplary damages should have been awarded held for the jury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 205, 220, 533, 534.]

Appeal from Circuit Court, Mobile County; Samuel B. Browne, Judge.

Action by C. W. Bohlin against Jos. H. Jackson and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

The third plea was: That said defendants at the time of the matters complained of and prior thereto constituted the board of revenue and road commissioners of Mobile county. That on March 9, 1914, plaintiff appeared before them as such a board, and asked permission of said board to change the direction of the road on the north half of the north half of section 13, across from Union Church. That on March 16, 1914, plaintiff again appeared before them as such board, and asked that a road leading out of Grand Bay known as Union Church road be straightened so that same would follow the half section line as follows: (Here follows description of road to be chang-

ed). That said board, after a motion was duly made, seconded, and adopted, ordered that said road be changed as requested by plaintiff. Defendant further alleges that subsequent thereto a committee composed of members of said board and by the authority of the said board visited said location of said road and reported back to said board that it was not to the public interest and welfare that said road be changed as requested by plaintiff, whereupon the board in regular session rescinded its former action, and notified plaintiff of its said action; that defendants further alleged that plaintiff subsequent to said notice placed a fence across said original road, and which said fence was removed by agents or employés of said board, by order of said board acting in its official and judicial capacity, wherefore these defendants say that they are not personally liable to plaintiff in any amount on account of said action, nor are they liable for the matters alleged in the complaint.

The oral charge of the court as to damages was as follows:

The court tells you as matter of law that the only damage which plaintiff can recover in this case is known as compensatory damages, that is, such damages as would put the land back in the condition it was in before the trespass alleged was committed; that is to say, he was entitled to more than nominal damages. He claims $500. You cannot go over this amount, and in assessing the damages you may take into consideration the value of the land, too.

Gordon & Edington, of Mobile, for appellants. Harry T. Smith & Caffey, of Mobile, for appellee.

BROWN, P. J. [1] The third plea was subject to the objection taken by the demurrers, that it does not show that the board of commissioners of roads and revenue of Mobile county had jurisdiction over the road in question, or colorable jurisdiction which fairly called for the exercise of judgment with respect thereto, and that the action of the board involved an affirmative decision that the board had jurisdiction of the subject-matter and of the person, and that the members of the board determined in good faith, without malice, that the case presented called for the exercise of such jurisdiction. Broom v. Douglass, 175 Ala. 268, 57 South. 860, 44 L. R. A. (N. S.) 164.

[2] The plea was bad for another reason pointed out in the demurrers. It undertakes to answer the charge of trespass made by the complaint, without showing that the removal of the fence from the road was the only act of the defendants constituting the alleged trespass. A plea purporting to answer the whole complaint when the matter set up at most only answers a part of the complaint is bad. U. S. Fidelity & Guaranty Co. v. Damskibsaktieselskabet Habil, 138 Ala. 348, 35 South. 344.

[3] The evidence shows without dispute that one of the road supervisors, at the instance of one of the community, without making application to the commissioners, as required by section 5771 et seq. of the Code 1907, changed the road where it crossed the lands subsequently acquired by the plaintiff, locating the road as changed at some points 15 rods from the track of the old public road; that the change was made about the year 1909, or about five years before the alleged trespass. There was no evidence that the owner of the land at the time of the change consented or requested the change to be made. The defendants offered to show that the public generally used the road after its change for a period of six or seven years, and complain that the court refused to admit this evidence. The ruling was correct.

"In order to establish a highway by prescription it must appear that the use by the public has been adverse to the owner under claim of right and not by his permission for a period of 20 years or more. The mere use of lands for the purpose of a road carries with it no presumption of adverse claim or claim of right to so use it." Jones v. Bright, 140 Ala. 268, 37 South. 79: Whaley v. Wilson, 120 Ala. 502, 24 South. 855.

[4] Justification under legal authority is not available as a defense to an action of trespass unless specially pleaded; but the defendant may show under the general issue, in mitigation of damages, that he was at the time of the trespass acting in good faith under what he considered legal authority. Stephenson v. Wright, 111 Ala. 579, 20 South. 622; Womack v. Bird, 51 Ala. 504; Id., 63 Ala. 500; W. U. T. Co. v. Dickens, 148 Ala. 484, 41 South. 469.

[5] Therefore evidence showing or tending to show that the members of the board of commissioners of roads and revenue were acting officially in the matter was competent, and the court erred in sustaining the plaintiff's objection to the questions asked the witness Gaillard on cross-examination eliciting testimony that the commissioners in passing the resolution instructing the superintendent of roads to remove plaintiff's fence were in session and acting in their official capacity.

[6] The court is of the opinion, however, that this error was rendered innocuous, as the undisputed evidence shows that they were acting officially in ordering the fence removed, however, without jurisdiction of the subject-matter or the person. Furthermore, the court instructed the jury that plaintiff could only recover actual damage. Stephenson v. Wright, supra.

[7] The expense incurred by the plaintiff in inclosing his grounds after the defendant cut the fence was an element of the injury suffered; and testimony showing the cost of replacing the fence was admissible for the purpose of shedding light upon the amount of the damage plaintiff suffered in the depreciation in the value of his lands. Long-Dist. Tel. & Tel. Co. v. Schmidt, 157 Ala. 391, 47 South. 731.

[8] The plaintiff had the right to assume

that, if he replaced the fence across the alleged road, defendants would remove it; and on this assumption he was justified in building the fence along each side of the alleged road. Under these circumstances it clearly does not lie in the mouth of the defendants to say that all the expense that plaintiff was justified in incurring was to replace the fence across the road.

[9] If the fact that plaintiff appeared before the commissioners and requested that the order for a change of the road be made would have operated as an estoppel against him to dispute the jurisdiction of the board to make the order, it is not available to defendants in the absence of a special plea of estoppel. Mutual Loan Co. v. Stowe, 15 Ala. App. 293, 73 South. 202.

[10] The evidence shows without dispute that the acts of the defendants were without warrant or authority, and on the mistaken assumption that the road in question was a public road and under the general jurisdiction and control of the board of commissioners of roads and revenue of Mobile county; and the court properly directed a verdict for the plaintiff, as requested in writing.

[11] "In actions for injury to real property, when the injury is done to the realty itself, the measure of damages is the difference in the value of the land before and after the trespass, or in some cases the amount necessary to restore the property to the condition in which it was before the trespass was committed." Brinkmeyer et al. v. Bethea, 139 Ala. 376, 35 South. 996; A. & B. A. L. Ry. v. Brown, 158 Ala. 607, 48 South. 73; Abercrombie & Williams v. Windham, 127 Ala. 179, 28 South. 387; Sutherland on Damages, §§ 1010–1021.

[12] Where the injury is such as may be remedied by restoring the property to its condition when the trespass was committed, and the cost of restoring the property is less than the depreciation in the value of the land, and the wrong is not attended with such circumstances of aggravation as to authorize the imposition of exemplary damages, and consequential damages are not recoverable in the action under the principles hereinafter stated, the cost of restoring the property is the measure of damages. Sutherland on Damages, § 1018; Hopkins v. American P. S. Co., 194 Mass. 582, 80 N. E. 624; Salstrom v. Orleans B. & G. M. Co., 153 Cal. 551, 96 Pac. 292; Lenforth v. San Francisco G. & E. Co., 156 Cal. 58, 103 Pac. 320, 19 Ann. Cas. 1230; Manda v. Orange, 77 N. J. Law, 285, 72 Atl. 42.

[13] Where the trespass is attended by only constructive or implied force, in an action of trespass for the injury resulting therefrom, the plaintiff can only recover such damages as directly result from the trespass, and for any consequential damages he may suffer must resort to an action on the case. Ala.

Mid. Ry. Co. v. Martin Bros., 100 Ala. 511, 14 South. 401; South. Bell Tel. Co. v. Francis, 109 Ala. 224, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930; Atlanta & Birmingham L. Ry. Co. v. Brown, 158 Ala. 607, 48 South. 73. But when the act complained of was attended by such force as will support an action of trespass vi et armis, all the damage suffered by the plaintiff, whether direct or consequential, or whether occurring immediately or some time after the trespass, may be recovered; but where the damages are such as are not the usual consequence of the act, they must be specially claimed. Sutherland on Damages, § 1028; Dickinson v. Boyd, 17 Pick. (Mass.) 78, 28 Am. Dec. 281; Gusdorff v. Duncan, 94 Md. 160, 50 Atl. 574; Eldridge v. Gorman, 77 Conn. 699, 60 Atl. 643; Eisele v. Oddie (C. C.) 128 Fed. 941. This doctrine is clearly recognized in the opinion of the court by Head, J., in South. Bell Tel. Co. v. Francis, supra.

[14] No special damages are claimed in this case, and the oral charge of the court as to the measure of damages was erroneous, and was couched in such language as to authorize the jury to award damages for the consequential damage suffered from the depredation of the cattle and sheep upon the plaintiff's orchard.

[15] There was evidence tending to show circumstances of aggravation, such as that the motive prompting the defendants to interfere with the plaintiff's property was to ingratiate themselves into the favor of the community for political reasons, and the question as to whether exemplary damages should have been awarded was for the jury. W. U. T. Co. v. Dickens, 148 Ala. 480, 41 South. 469.

For the error pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.