(138 So. 267)

## GENERAL OUTDOOR ADVERTISING CO. v. KENDRICK.

### 6 Div. 940.

Supreme Court of Alabama.
Oct. 15, 1931.

Rehearing Denied Dec. 17, 1931.

Nesbit & Sadler, of Birmingham, for appellant.

Harris & Cook and J. B. Ivey, all of Birmingham, for appellee.

BROWN, J.

The complaint consists of two counts, the first being trespass, and the other trespass on the case, claiming damages for wrongfully entering upon the premises of plaintiff and painting a large sign on plaintiff's one-story brick store building without plaintiff's consent. The pleas were the general issue—not guilty and justification under a lease executed by one Sellers who was in possession of one department of the building, engaged in operating a mercantile business and soft drink stand, leasing said wall to the appellant for a term of one year, with the option to renew. To the plea of justification, the plaintiff filed a general replication taking issue thereon, and a special replication alleging in substance that, under the provisions of the lease between the plaintiff and Sellers, said Sellers had no right to use the walls of the building for signs; the provisions of the lease as pleaded being that "the lessee herein agrees not to make any alterations in said building or premises, or on or about any premises connected therewith, but not hereby leased, nor to paint upon or attach any signs, wires or other material, other structure, apparatus or radio antennae without the written consent of the lessor."

The uncontradicted evidence sustained the averments of the complaint and the plaintiff's replication to the plea of justification, and the affirmative charge requested by the plaintiff was given without error.

The evidence is also without dispute that appellant was advised by Sellers that he held the premises under written lease from the owner and was without authority to lease the wall for carrying signs without the consent of the owner, and thereafter, without requiring Sellers to produce his lease or written consent from the owner, took a lease from

Sellers and went upon the premises and painted a large sign on one of the walls.

The evidence was sufficient to sustain the conclusion reached by the verdict of the jury that the act of the defendant was in wanton disregard of the rights of the owner and justified the imposition of punitive damages. Foust v. Kinney, 202 Ala. 392, 80 So. 474; Garden v. Houston Brothers, 163 Ala. 300, 50 So. 1030; Jackson v. Bohlin, 16 Ala. App. 105, 75 So. 697.

Special charges refused to the defendant and made the basis of assignments of error 1 and 2 were therefore well refused, and the motion for new trial was properly denied.

Affirmed.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.