# Kitchen & Brother *v.* Robinson Brothers.

### *Action upon a Prommissory Note.*

1. *Submission of cause to court without jury; review of judgment
   on appeal.*—When a cause is, by agreement of the parties, sub-
   mitted to the decision of a trial court without a jury, and a
   special finding of the facts is requested, as provided under the
   statute, (Code, §§ 3319-3321), on an appeal from a judgment
   rendered upon such special finding, the appellate court will
   not examine into the extrinsic facts, to see whether or not
   from the evidence introduced the facts were correctly found
   by the court; but in reviewing such judgment, the appellate
   court will be confined to determining whether or not upon the
   facts found and set forth in the special finding, the trial court
   rendered the proper judgment.

2. *Submission of cause to court without jury; sufficiency· of judg-
   ment on special finding.*—Where an action upon a prommssory
   note, containing a waiver of exemptions· and stipulations to
   deliver to the plaintiff a certain number of bales of cotton, or
   in the failure to so. deliver the cotton to pay a certain amount
   per bale, where in a special finding the court recites that the

note had been paid, but that the defendant had failed to de-
liver the certain number of bales of cotton, as agreed upon,
and finds that under this the agreement as expressed in the
note the defendant was indebted to the plaintiffs in a certain
sum for failure to deliver such cotton, such special finding is
sufficient to sustain a judgment in favor of the plaintiffs for
the amount so ascertained, and reciting that as against such
amount there was a waiver of exemptions.

APPEAL from the County Court of Cleburne.
Tried before the Hon. T. J. BURTON.

This was an action brought by the appellees against
the appellants. The complaint contained two counts.
In the first count the plaintiff sought to recover $419.-
64, due on a promissory note, executed by the defend-
ants to the plaintiffs, together with attorney's fees.
In the second count, the plaintiffs claimed of the de-
fendants $48.50 as the amount due by the defendants
for failure to ship to the plaintiffs 97 bales of cotton
under a contract as contained in the note sued upon.

The cause was tried by the court without the inter-
vention of a jury, and at the request of the defendants
there was a special finding made by the court. This
special finding was in words and figures as follows:
"This cause was submitted to the court and tried
without the intervention of a jury and before entering
upon the trial the defendants in writing requested the
court to make a special finding of the facts in this case;
and after hearing the evidence it was agreed by the at-
torneys in open court that the court might take this
case under advisement, and both parties have leave to
present written briefs and arguments. And now upon
due consideration the court finds that on the 9th day
of March, 1899, the date of the note or contract sued on,
the plaintiffs were engaged in the business of cotton
commission merchants in the city of Anniston, Ala-
bama, buying, storing, selling cotton, and were engag-
ed in said business prior to and since said date. And
that the defendants were at said date, prior to, and
since, engaged in the business of retail merchants in
the town of Heflin, Alabama, and that during the cot-
ton season, buying, selling and shipping cotton at said

place. And on the 9th day of March, 1899, plaintiffs loaned the defendants the sum of four hundred dollars in money for which defendants gave their promissory note to plaintiffs payable on the 5th day of October, 1899, for the sum of four hundred nineteen and 54-100 dollars, and to said note and as a part thereof was a stipulation in which the defendants agreed and bound themselves to ship consigned to the plaintiffs one hundred bales of cotton on or before the 1st day of January, 1900, and from the proceeds of same defendants were to leave in the hands of plaintiffs credit sufficient to pay said note at maturity. A further stipulation therein, that said loan having been extended by plaintiffs for the express purpose of controlling cotton shipments, defendants further agreed therein to pay plaintiffs the sum of 50 cents per bale commission for any number of bales they may from any cause fail of delivery as per above contract. A further stipulation in said note or contract defendants agreed to pay 10 per cent. as attorney's fees, in case the note was not paid at maturity, and was placed in the hands of an attorney for collection, also a clause waiving their exemptions against the collection of said note. That at one time in the month of September, 1899, defendants shipped consigned to the plaintiffs, three bales of cotton under said contract which plaintiff sold and paid or accounted to the defendant for the same less oneeighth of one per cent. per pound, which plaintiffs retained as their commission for handling the same. There was no contract or agreement that the plaintiffs were to buy defendants' cotton, nor for the defendants to sell to the plaintiffs, but only to ship one hundred bales consigned to them. Nor was there any agreement as to commissions if any, to be retained by plaintiffs for handling defendants' cotton, only defendants were entitled to one month's storage of their cotton shipped to plaintiffs in their warehous in Anniston, free of charge, and that soon after defendants shipped the three bales to plaintiffs, defendants proposed and offered to sell plaintiffs twenty-five bales of cotton they then had on hand in Heflin, but they disagreed on the price and defendants sold same to other parties, re-

[Kitchen & Brother v. Robinson Brothers.]

ceiving one-eighth of one per cent. per pound more than plaintiffs offered or proposed to pay for it, and that defendants failed to ship any more cotton to plaintiffs, under said contract and failed to ship consigned to plaintiffs, ninety-seven bales of cotton under said contract, further than defendant paid in full the money amount of said note, viz., four hundred, nineteen and 64-100 dollars and the interest thereon, last payment on or about the 5th day of December, 1899, this being before the commencement of this suit; further that during the cotton season of 1899-1900, defendants handled more than one hundred bales of cotton, after the execution of said contract.

"From the foregoing findings, I find the issue in favor of the defendants on the first count in the complaint, and I find the issue in favor of the plaintiffs on the second count in the complaint and assess their damages at the sum of forty-seven and 50-100 dollars and the interest thereon since the 1st day of January, 1900, total damages fifty-four and 64-100 dollars, for which let judgment be rendered with waiver of exemptions as to defendant J. W. Kitchens, who executed and signed the note and contract."

Upon this special finding the court rendered judgment in favor of the defendants on the first count of the complaint, and in favor of the plaintiffs on the second count of the complaint, and as to the damages assessed on the second count of the complaint, the judgment recited that there had been a waiver of exemptions as to personal property.

From this judgment the defendants appeal, and assign the rendition thereof as error.

MERRILL & MERRILL and H. D. McCARTY, for appellant, cited 21 Amer. & Eng. Ency. of Law, p. 44; *Acker v. Bender*, 33 Ala. 234; *Drake v. Gorree*, 22 Ala. 409; 7 Amer. & Eng. Ency. of Law, pp. 150, 152, 153; *Le-Bron v. Morris*, 110 Ala. 122; *Gill v. Daily*, 105 Ala. 325; *Quillman v. Gurley*, 85 Ala. 594.

[Hooper & Nolen v. Birchfield.]

KNOX, ACKER & BLACKMON, *contra.*—There was a special finding of the facts by the trial court upon the request of the defendants. It has been held that where this is the case the appellate court can not go behind the facts so found by the trial court, but, on appeal, it must determine whether the court rendered a proper judgment on the facts so found.—*Chandler v. Crossland*, 126 Ala. 176; *Bibb v. Hall*, 101 Ala. 79.

The judgment was proper. Under the finding the case is brought directly within the principles declared by this court in the cases of *Harmon v. Lehman*, 85 Ala. 379; *Dozier v. Mitchell*, 65 Ala. 511; *Woolsey v. Jones*, 84 Ala. 88; *Pollard v. Baylor*, 6 Mung. 433; *Cockle v. Flack*, 93 U. S. 344; *Matthews v. Coe*, 70 N. Y. 239.

SHARPE, J.—The facts found by the trial court sustain the judgment both as to the right of recovery and the waiver of exemptions therein recited. Authorities tending to sustain this conclusion. in so far as it involves the effect of the contract between the parties and the consequences of the breach ascertained by the special finding to have occurred, may be found cited in the brief for appellee. Section 3321 of the Code, under the construction placed upon it in *Chandler & Jones v. Crossland*, 126 Ala. 176, and other cases therein referred to, which construction we hold to be correct, leaves this court without authority to review the special findings of fact, upon the evidence extrinsic of those findings.

The first assignment of error not having been insisted on in appellant's brief is not considered.

Affirmed.