(104 So. 506)

### BIRMINGHAM NEWS CO. v. BIRMINGHAM PRINTING CO. (6 Div. 370.)

(Supreme Court of Alabama. April 16, 1925. Rehearing Denied May 28, 1925.)

**1. Principal and agent ⬥13—As between principal and agent, agency and its extent rests upon mutual assent of parties.**

As between principal and agent, agency and its extent rests upon mutual assent of parties.

**2. Principal and agent ⬥23(2) — Proof of agency may be made as other questions of fact.**

Proof of agency may be made as other questions of fact.

**3. Principal and agent ⬥14(2)—Agency may be implied from known conduct and acquiescence of parties.**

Agency may be implied from known conduct and acquiescence of parties; but the facts must lead to reasonable conclusion of existence of mutual assent between asserted agent and asserted principal.

**4. Principal and agent ⬥8—Third party, with whom person directs another to take up matter of business, becomes agent of person so directing.**

Third party, with whom person directs another to take up matter of business, becomes agent of person so directing.

**5. Principal and agent ⬥8—Authority conferred to deal with another as agent necessarily carries power of agent to act as such.**

Authority conferred to deal with another as agent necessarily carries power of agent to act as such.

**6. Principal and agent ⬥8, 13—That third party, with whom person directed another to take up business matter, acted within authority so conferred, held sufficient acceptance of authority; agency held one in fact.**

That third party, with whom person directed another to take up business matter, acted within authority so conferred, held sufficient acceptance of authority by third person and such agency is one in fact and does not arise by estoppel.

**7. Principal and agent ⬥25(1)—When asserted principal is estopped from denying asserted relation of agency, stated.**

A principal is estopped from denying agency when there is such a holding out of ostensible agent that to gainsay the agency after another has acted thereon would be tantamount to a fraud; bad faith in such case consisting, not in holding out such other as agent, but in gainsaying the act under the circumstances.

**8. Appeal and error ⬥1097(1) — Supreme Court required by statute to review anew case on second appeal, without regard to former decision.**

Supreme Court is required by Code 1923, § 10287, to review anew case on second appeal, without regard to former decision.

**9. Principal and agent ⬥24—Submission of issues of agency, express or implied, and of estoppel, held not error.**

Submission of issues of agency, express or implied, and of estoppel, held, not error.

**10. Principal and agent ⬥24—Weight of evidence on issues of agency, and of estoppel, held for jury.**

Weight of evidence on issues of agency, and estoppel, held for jury.

**11. Principal and agent ⬥20(1)—Evidence held properly received as tending to illustrate agency relations of parties.**

Evidence that defendant furnished another with an office in defendant's building, and that books were delivered there to him held properly received on issue whether such other was defendant's agent.

**12. Evidence ⬥171—Principal and agent ⬥20(2)—Evidence held properly received on issue of agency in contracting debt, and not objectionable as secondary or as not best evidence.**

Testimony that plaintiff from month to month sent statements of printer's bill to defendant, who made no objection thereto, held admissible on question of agency of the person who contracted debt, and not objectionable as secondary or as not the best evidence.

**13. Trial ⬥53—Jury held entitled to consider on issue of ratification evidence relevant on issue of agency.**

Jury held entitled to consider, on issue of ratification, evidence relevant on issue of asserted agency in contracting debt, relevancy of which was not limited to latter issue.

**14. Principal and agent ⬥174—Whether asserted principal ratified asserted agency held for jury.**

Ratification of acts of ostensible agent held for jury.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action on common count by the Birmingham Printing Company against the Birmingham News Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

See, also, 209 Ala. 403, 96 So. 336.

R. B. Evins, of Birmingham, for appellant.

Failure to disavow the acts of a mere volunteer will not constitute a ratification. Robbins v. Blanding, 87 Minn. 246, 91 N. W. 844; Dierks L. Co. v. Coffman, 96 Ark. 505, 132 S. W. 654; Searing v. Butler, 69 Ill. 575; Ward v. Williams, 26 Ill. 447, 79 Am. Dec. 385; Merritt v. Bissell, 155 N. Y. 396, 50 N. E. 280. Ratification can never result from any act of the principal, except where done after full knowledge. Brown v. Bamberger, Bloom & Co., 110 Ala. 342, 20 So. 114. The affirmative charge for defendant should have

been given. Pollak v. Winter, 166 Ala. 255, 51 So. 998, 52 So. 829, 53 So. 339, 139 Am. St. Rep. 33.

F. D. McArthur, of Birmingham, for appellee.

The doctrine of estoppel applies in this case. Leinkauff & Strauss v. Munter, 76 Ala. 194; Boone v. Byrd, 201 Ala. 563, 78 So. 958.

BOULDIN, J. The case was tried below on the common count "for goods, wares, and merchandise sold defendant by plaintiff," and plea of the general issue. The subject-matter of the transaction was the making, printing, binding, and delivering an agreed number of copies of a book referred to in the evidence as a "Buyers' Guide," and styled on the outside cover: "The Birmingham News 1920–21 Buyers' Guide of Birmingham, Bessemer & Ensley, Together With Numerical Telephone Directory." The plaintiff, Birmingham Printing Company, executed the work under a contract made by or through A. V. Owen. The real issue is whether the defendant, Birmingham News Company, is bound by Owen's acts. Plaintiff claims such liability upon three legal grounds: (1) That Owen was the agent, express or implied, authorized to make the contract for defendant. (2) That defendant so held out Owen as agent authorized to make the contract that defendant is estopped to deny the agency. (3) That defendant ratified the contract.

On the former appeal, Birmingham News Co. v. Birmingham Printing Co., 209 Ala. 403, 96 So. 336, the evidence was reviewed and the principles of law announced applicable to these several issues. It was held the evidence did not support the claim of agency, express or implied, nor the theory of estoppel, but a case was made for the jury on that of ratification.

On the second trial the court below, in his oral charge and his rulings on instructions requested by defendant, again submitted the case to the jury upon all the issues. These rulings are presented for review.

For the contract relation existing between the News and Owen, we refer for details to the former opinion. Suffice to say Owen's relation was that of a contractor with the duty to have the Buyers' Guide printed on his own account, and not as agent at the expense of the News.

Dealing with the evidence found in the present record, an important question is presented upon what passed between the News and the Printing Company before the latter entered into the contract. As presenting a question for the jury vel non on agency in fact, or on the theory of estoppel, the case turns much on the testimony of Paul Watkins, the soliciting agent of Birmingham Printing Company. This witness testifies that having learned of a purpose to print the Buyers' Guide, and before he quoted a price for his company, he saw Mr. J. C. Clark, whom witness designates as business manager of Birmingham News, with reference to the order. Clark says he was secretary, treasurer, auditor, credit manager, and purchasing agent of Birmingham News Company. It is not questioned he was the proper officer to approach on the subject. Watkins says:

"I went to Mr. Clark and told him that I had been called on to bid on a job that I understood was to be for the Birmingham News, and I wanted to find out whether the job was all right or not, whether we would be safe on it, and he told me just what I told you a while ago; said, 'Yes, that is one of the things that we inherited from the Birmingham Ledger. Mr. A. V. Owens is handling the whole proposition, and he is over in the Ledger Building.' So I told him: 'If it's all right, I want to bid on it and want you to help me get the order if you can.' That is as much as I remember of it. We talked for a few minutes, but I don't remember all that was said. He said that I was safe in going ahead with the order. I don't remember the exact words I used, but I wanted to find out if the Birmingham News was going to get out the Buyers' Guide, and I asked Mr. Clark, and he said, yes, that that was one of the things that they inherited when they took over the Birmingham Ledger, and said they would have to get it out, or words to that effect. I don't remember the exact words. I says: 'Well, I want you to help me to get the order; use your influence to help me get the order,' or something of that kind, 'and I wanted to see you and make sure it was all right before I put in any bids for it.' He says, 'Well, if you get the order, it's all right,' but he told me I would have to take up getting the order with Mr. Owen."

The witness further testifies he then took up the matter with Owen, submitted a proposal in writing, addressed to "Mr. A. V. Owen, Mgr. Birmingham News, Buyers' Guide Dept.," and advised Owen, "We will have to have an order from the Birmingham News before we proceed with it," and plaintiff received through the mails, written on Birmingham News stationery, the following:

"Your bid for printing the News Buyer's Guide & Numerical Telephone has been accepted and we will have some copy for you in a few days.
　　　　"[Signed]  A. V. Owen, Mgr."

No other confirmation was received. Witness did not know Owen before the transaction; did not know the contract between him and the News; knew he was furnished an office by the News; had known and done business with Mr. Clark. The transaction was conducted wholly with Owen after witness was referred to him.

[1] As between principal and agent the fact of agency and its extent rests upon the mutual assent of the parties. If an agency is

tendered, it must be accepted before the relation is established inter sese.

[2, 3] Proof of agency may be made as other questions of fact, and so may be implied from the known conduct and acquiescence of the parties. But the facts must lead to the reasonable conclusion that mutual assent exists.

[4-6] As between a principal and third persons an agency in fact may exist without the direct assent of the agent. Thus, if one takes up a matter of business with another, and is referred to a third person as agent having the business in hand, and directed to take up the matter with him, the third person becomes the agent. Conferring authority to deal with another as agent necessarily carries the power of the agent to act as such. The only proof of acceptance required in such case is that the agent acted within the authority so vested. Such agency does not arise under the rule of estoppel by holding another out as agent, but is an agency in fact, a power to represent the principal in the particular case. Southern R. Co. v. W. T. Adams Machinery Co., 165 Ala. 436, 51 So. 779; Hearn v. L. & N. R. Co., 6 Ala. App. 483, 60 So. 600; 1 Mech. on Agency, §§ 251, 252; 2 C. J. p. 434.

[7] Applying this principle, in connection with those fully stated in the former opinion, to the evidence presented in the present record, we cannot say as matter of law there was no evidence of an agency, express or implied, or no evidence of holding Owen out as agent of the News with authority to handle "the whole proposition." If Watkins' testimony is true, the subject was broached with Mr. Clark as a News undertaking, an inquiry whether the News was getting out the "Buyers' Guide," and whether the printer's bill for same would be safe. Nothing was suggested by the remarks of either party indicating that Owen was to get out the book on his own account, or an assurance by Mr. Clark that a personal obligation of Owen's would be safe. The subject-matter of the publication in contemplation and actually executed indicated it was by and for the News. The former course of business in contracting job printing known to Mr. Clark and Mr. Watkins gave no notice that it was not to be an obligation of the News. The contract between the News and Owen had been made through another department, and it does not appear Mr. Clark at the time knew who was to pay for the printing. His assurance to Mr. Watkins to the effect that the News was getting out the guide pursuant to obligations assumed when the News took over the Ledger, that he could go to Owen for an order, and that if he got an order it would be all right, is consistent with entire good faith of both parties. It is a principle of law that in order to bring a case within the doctrine of estoppel, it is essential that there be such holding out of the ostensible agent that to gainsay the agency after the other party has acted thereon to his own hurt would be tantamount to a fraud. This does not mean that the holding out is in bad faith. The principal, or his alter ego, may make representations or give assurances on the bona fide assumption of facts as true, which, having relation to his own business, the other party may bona fide take as within the principal's knowledge, and act upon. In such case, bad faith does not consist in holding out another as his agent but in gainsaying the act, after the other has acted upon it to his detriment. The fact that Watkins required a written order according to the custom of business must be taken in connection with his statement that Mr. Clark told him Owen was to give the order, the proposal addressed to Owen as manager of News Buyers' Guide Department, and the order signed by Owen, as manager. The fact of demand for a written order from the News, in connection with all the evidence in the present record, does not indicate such doubt as to Owen's right to accept the order that, as matter of law, no estoppel can arise in the case.

[8] As stated, these conclusions are based on the present record, the evidence produced on the latter trial, upon which the trial court's rulings were based. We are required by statute to review the case anew, without regard to the former decision. Code 1923, § 10287; Mann v. Darden, 171 Ala. 142, 54 So. 504.

We have, however, examined the record on former appeal, and here quote the testimony of the witness Watkins therein, touching the interview with Mr. Clark:

"I talked with Mr. Clarke of the Birmingham News with reference to the order. I had talked to Mr. Clarke before in behalf of the Birmingham News. I had taken orders from him for the Birmingham News for printing. I talked to Mr. Clarke about this contract. * * * Clarke told me that this contract that the News had with Owens was a contract they had taken over from the Ledger; and that the contract had with Owens to get out this book here was a contract that the Birmingham News Company had taken over from the Ledger; that is the Ledger had this contract previous to that, and the Birmingham News had taken it over from the Ledger. He did not show me that contract. * * * Mr. Clarke said, as I remember it, 'That is one of the things that was wished on us with the Ledger.'"

It will be noted there was no testimony that Mr. Clark referred witness to Owen for the order, and told witness if he got the order it would be all right. These statements in the present record, along with statements that witness advised Mr. Clark that witness wanted to know if the News was getting out the "Buyers' Guide," and if an order would be safe, materially affect the inferences open to the jury as to whether plaintiff was justi-

fied in addressing the proposal to Owen, as manager of the Buyers' Guide Department, and accepting an order signed by him accordingly.

[9] Our conclusion is there was no error in submitting the issues of agency, express or implied, and of estoppel, to the jury. Evidence which supports an implied agency ordinarily becomes evidence in support of estoppel. In the one case the words and acts are looked to as evidencing an intent to constitute or recognize one as agent; and in the other as evidence of so holding him out as agent that the principal cannot, in good faith, deny the agency.

[10] The weight of the evidence on these issues was for the jury, who saw and heard the witnesses.

We find no error in the matter of instructions given and refused on these issues.

[11] Evidence that Owen was furnished an office by the News, and that the books were delivered to the News buildings, was cumulative in nature as tending to illustrate the relations of the parties, and properly received.

[12-14] The evidence that statements of the printer's bill were sent to the defendant from month to month, and no objection made thereto, was cumulative evidence on the question of Owen's agency in contracting the debt. As such, it was collateral to the main issue, and not subject to the objection that it was secondary and not the best evidence. Being properly in, and not limited, it could be considered by the jury on the issue of ratification. As held on former appeal, that issue was for the jury. It is not necessary to decide whether, on the issue of ratification alone, it was such direct evidence as to require production of the original statements or proof of demand upon the opposing side for their production.

Under the presumption to be indulged in favor of the finding of the jury, sustained by the trial judge, as stated in Cobb v. Malone, 92 Ala. 630, 9 So. 738, we cannot say there was reversible error in denying the motion for new trial.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.