12 So.2d 401

## McCALL et al. v. BUSEY.

I Div. 191.

Supreme Court of Alabama.

March 18, 1943.

C. L. Hybart, of Monroeville, for appellee.

J. D. Ratcliffe and A. C. Lee, both of Monroeville, for appellants.

BROWN, Justice.

This is an action of trespass by the appellee against appellant to recover damages to plaintiff's land resulting from the alleged acts of the defendants, in the operation of their business in cutting timber on adjacent lands, in going on plaintiff's lands with their trucks and other vehicles, making roads, and ruts, in consequence of which erosion to the soil was caused, and young growing timber was broken down and destroyed, and valuable timber cut and taken therefrom.

The defendant pleaded the general issue, and special pleas setting up a license by the plaintiff, and offered evidence tending to show license or consent by the plaintiff to said operators on her premises. This evidence was controverted by evidence offered by the plaintiff.

The assignments of error argued relate to the giving of special written charges requested by the plaintiff, the refusal of special charges requested by the defendants and the overruling of the defendants' motion for new trial.

Charge 3 given at the request of the plaintiff is in the exact language of charge 10 given for the defendant in Meighan v. Birmingham Terminal Company, 165 Ala. 591, 51 So. 775, 778, as to which it was observed: "We discover no tenable objection to charge 10." And we now observe, the worst that can be said in criticism of it is its statement that, "The

164

jury are not bound to take any man's opinion of such value, but may act on their own judgment and good sense in arriving at a just value," tends to inculcate the idea that the jury may so act on information or knowledge obtained other than through the testimony in the case, thus giving it a misleading tendency. If defendants apprehended injurious consequences on this account, they should have requested counter explanatory instructions. Meighan v. Birmingham Terminal Co., supra.

■ Appellants' criticism of special written charge 5 given at the instance of plaintiff stating the measure of damages in actions of trespass on lands is, "This charge is not predicated upon a finding for the plaintiff in the first place, and a written charge in the language of this one in the hands of the jury back in the jury room is well calculated to make an impression upon them unfavorable to defendants. The effect being to confuse or mislead."

The criticism, in the first place, does not accord to the jury intelligence and honesty. In the second place it states the correct rule for the admeasurement of damages. Brinkmeyer et al. v. Bethea, 139 Ala. 376, 35 So. 996; Southern Ry. Co. v. Cleveland et al., 169 Ala. 22, 53 So. 767.

■ Charge 2, refused to defendants, if not otherwise bad, was fully covered by special charge No. 4, given for defendants, and by the court's oral charge.

■ Charge 3-A was invasive of the province of the jury on the question of plaintiff's brothers being authorized to act as her agents, and possessed confusing and misleading tendencies, and was therefore refused without error. Birmingham News Co. v. Birmingham Printing Co., 213 Ala. 256, 104 So. 506.

■ The evidence and its conflicting tendencies made a case for the jury's decision, and we are not able, after allowing all reasonable presumptions of the correctness of the jury's verdict, to affirm that the preponderance of the evidence against it is so decided, as to convince us that it is wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

This disposes of all questions argued by appellant. We find no reversible errors on the record.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.