The appeal is from a judgment for damages in a trespass action.
Billy Joe Martin sued Guy Johnson, a surveyor, for damages in a three count complaint. The first count was for a negligent survey; the second count was for wantonness in conducting the survey; and the third count was for trespass. The case went to the jury on the trespass count. A verdict was returned for the plaintiff and damages were awarded to him in the amount of $713. Johnson appeals, claiming that the trial court erroneously charged the jury on the measure of damages for this trespass action and that the trial court erred in refusing to give those written requested charges that related to the measure of damages in this trespass action.
The evidence shows that Guy Johnson, a private, licensed surveyor, was employed by an attorney to establish the boundary lines to the property adjoining that owned by Martin. This property owner planned to sell his parcel of property.
Johnson stated that he had never surveyed in that area before, but that he did *Page 870 
have a copy of Martin's deed and copies of three previous surveys of this identical property at the time his survey crew made the survey. His survey conformed to these surveys.
Johnson conceded that his surveyor probably stepped over the line he was running onto Martin's property. The disputed strip of land was fourteen feet by eighty feet and had nothing on it. There was no fence or any other visible markers to establish a boundary line.
Martin had a survey made by a different surveyor, which survey did not match Johnson's survey. Martin contended that Johnson's survey established the boundary line fourteen feet over on his property. Martin filed a boundary line case against the former owner and the new owner of the property adjoining his property. Johnson did not testify in this lawsuit nor was his survey introduced in evidence. The court established the boundary line between the two parcels of property in conformity with the line established by Martin's surveyor. This line was different from the one established by Johnson.
Martin then filed suit against Johnson in a three count complaint as set out above. Martin sought damages, not only to his property, but also for the cost of the survey he had made, the costs of the attorney he hired to handle the boundary line dispute, for the time he lost from work during the time the boundary line case was being tried, and for the mental and emotional distress he suffered during the time he was waiting to have the boundary line case tried.
The court charged the jury that a trespass had been committed and that the only question for the jury would be whether Martin had suffered any damages and, if so, how much. The court then instructed the jury on the method to use in arriving at an amount for actual damage to the real and personal property. He further stated that in the absence of actual damages to the property, Martin could collect nominal damages. The court then instructed the jury that Martin could recover consequential damages for the trespass if they found that any had been suffered. The court then told the jury that they must decide if the expenses incurred by Martin to establish the boundary line between his property and the adjoining property resulted from Johnson's trespass. The court further charged the jury that if they found that Johnson's trespass caused Martin to suffer emotional or mental distress, they could award him damages for this suffering. In addition, the court told the jury that if they found that Johnson had trespassed in a rude or insulting manner, they could also award Martin punitive damages.
Johnson argues that the trial court erroneously charged the jury as to the various aspects of damages that they could consider in arriving at a verdict for Martin.
The measure of damage for injury to real property in a trespass action is the difference in the reasonable market value of the property immediately before the injury and the reasonable value of the property immediately after the injury.McCall v. Busey, 244 Ala. 162, 12 So.2d 401 (1943). In the absence of actual damage to property resulting from a trespass, the owner of the property is entitled to nominal damages. Foustv. Kinney, 202 Ala. 392, 80 So. 474 (1918). Damages to personal property may also be recovered in a trespass action. Rushing v.Hooper-McDonald, Inc., 293 Ala. 56, 300 So.2d 94 (1974). In the instant case there was no proof of actual damages to the land or any personal property. Nominal damages could then be awarded because the trespass was admitted.
Punitive damages may be awarded in a trespass action but only if the trespass has been attended with rudeness, wantonness, recklessness or an insulting manner or is accompanied by circumstances of fraud and malice, oppression, aggravation, or gross negligence. Rushing v. Hooper-McDonald, Inc., supra. The record in this case is devoid of evidence that would support an award of punitive damages. To the contrary, the evidence shows that Johnson's survey coincided with three previous surveys that had been made of the property in *Page 871 
question. Further, Martin saw some people in the vicinity of the line in question but did not recognize them nor did he have any conversation with them. It was only later that he learned that Johnson's survey team had been in the area.
It is settled that a plaintiff can recover for mental suffering which was the proximate consequence of a trespass to property if the trespass was committed under circumstances of insult and contumely. Rushing. v. Hooper-McDonald, Inc., supra;Mattingly v. Houston, 167 Ala. 167, 52 So.2d 78 (1910). There is no evidence that the trespass was attended by any word or act of insult or contumely.
When a trespass is attended by such force as would support an action for trespass vi et armis, all damage suffered by plaintiff, direct or consequential, immediate or remote, may be recovered. Jackson v. Bohlin, 16 Ala. App. 105, 75 So. 697
(1917); Garrett v. Sewell, 108 Ala. 521, 18 So. 737 (1895). Plaintiff contends that as a result of defendant's trespass, he was forced to file a boundary line case to have established the correct boundary between his property and the adjoining property. Defendant replies that only those damages that flow directly from the trespass and which are foreseeable can be correctly classified as consequential; and that in the present case no such damages were foreseeable as a result of the trespass.
It is, however, generally recognized that where the natural and proximate consequences of the defendant's wrongful act cause the plaintiff to become involved in litigation with a third person, attorneys' fees and other expenses incurred in such litigation may be recovered as damages. HighlandsUnderwriters Insurance v. Elegante Inns, 361 So.2d 1060 (Ala. 1978). In order to recover attorneys' fees in such action, these elements must be proved: (1) plaintiff must have incurred such fees in prosecution or defense of a prior action; (2) the litigation must have been against a third party and not against defendant in present action; and (3) plaintiff must have become involved in such litigation because of some tortious act of the defendant.
Plaintiff's boundary line action cannot be said to be the natural and proximate consequence of defendant's trespass. An action to establish the actual boundary line between the plaintiff's property and the adjoining property could have been the reasonably foreseen consequence of an incorrect survey made by defendant but not a simple trespass to plaintiff's property where only nominal damages resulted therefrom. In view of the three previous surveys to which defendant's survey conformed, plaintiff could have accepted defendant's survey as the correct survey. He did not, however, accept defendant's survey as being correct and proceeded to have the court establish the correct boundary. Although he did not accept defendant's survey as being correct, nevertheless it cannot be said that the natural consequence of defendant's trespass was the boundary line action. In that event the court erred in charging the jury that consequential damages were, depending on the evidence, recoverable by the plaintiff.
For the errors above enumerated, the judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
HOLMES, J., concurs.
WRIGHT, P.J., concurs in the result.